**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No. 3:10-cr-54-J-34PDB

BARBARA ANN WINTON
_____

**ORDER**

**THIS CAUSE** is before the Court on Magistrate Judge Patricia D. Barksdale's Report & Recommendation on Pending Pro Se Motions (Dkt. No. 105; Report), entered on June 10, 2014. In the Report, Magistrate Judge Barksdale recommends that the Court grant one of Ms. Winton's requests and deny the rest. See Report at 1. No objections to the Report have been filed, and the time for doing so has now passed.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982 (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing
(continued...)

§ 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration and independent review of the record, the Court will accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby **ORDERED**:

1. The Magistrate Judge's Report & Recommendation on Pending Pro Se Motions (Dkt. No. 105) is **ADOPTED** as the opinion of the Court.

---

[1](...continued)
Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2]   Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[3]   See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

2. Ms. Winton's request to not limit her objections to her supervised release conditions to her religious views so that she can argue that medication adversely affects her, Dkt. No. 83 at 1-2; Dkt. No. 92 at 1-3, is **GRANTED** to the extent that in arguing that the Court should modify her supervised release, Ms. Winton is not prohibited from asserting that medication adversely affects her and may cause her to reoffend.

3. Ms. Winton's request to exclude from all court proceedings and any decisions in the case the assigned probation officer, the chief probation officer, and all supervisory probation officers, Dkt. No. 83 at 5-6, is **DENIED**.

4. Ms. Winton's request to transfer venue, Dkt. No. 83 at 7-8, is **DENIED**.

5. Ms. Winton's request to be paid transportation costs to court hearings or to allow her to attend by telephone, Dkt. No. 83 at 8-9; Dkt. No. 103 at 6, is **DENIED**. However, Ms. Winton may move to attend hearings telephonically on a hearing by hearing basis.

6. Ms. Winton's request to revisit her conviction by declaring a mistrial, suppressing evidence, and allowing her to present new evidence about the crime of conviction, Dkt. No. 83 at 9-12; Dkt. No. 91; Dkt. No. 92 at 1-3; Dkt. No. 95 at 11-12; Dkt. No. 96 at 3-4, is **DENIED**.

7. Ms. Winton's request to immediately modify her supervised release conditions by revoking the special conditions that she obtain mental health treatment and participate in a substance abuse program, Dkt. No. 92 at 1-3; Dkt. No. 95 at 11-12, is **DENIED, without prejudice**. The Court defers ruling on the modification request until the final revocation hearing.

8. Ms. Winton's request to add to the record all motions, letters, and attachments that she has submitted to the probation office and any other court personnel, Dkt. No. 103 at 1-3, is **DENIED**.

9. Any additional requests that Ms. Winton intended to make in the pending motions, Dkt. Nos. 83, 91, 92, 95, 96, and 103, that have not already been decided in other orders, except for her request to modify her supervised release conditions that the Court will consider at the final revocation hearing, are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record